**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOHAMMAD RAHIM BHOJANI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-72167

Agency No. A98-527-745

MEMORANDUM *

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2010
Seattle, Washington

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.


When the Board of Immigrations Appeals "conducts its own review of the

evidence and law rather than adopting the IJ's decision, our review 'is limited to

the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'"

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Shrestha v. Holder, No. 08-74751, 2010 WL 10982, at *2 (9th Cir. Jan 5, 2010) (quoting Hosseini v. Gonzales, 471 F.3d 953, 957 (9th Cir. 2006)).  The BIA treated petitioner's testimony as credible but affirmed the finding that he failed to establish past persecution, and despite his subjective fear of harm, that he had not established an objectively well-founded fear of future persecution.  Likewise, the BIA held that he had failed to establish a claim for withholding of removal or Convention Against Torture protection.

All these determinations were supported by substantial evidence on the record as a whole.  See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (defining substantial evidence review for asylum claims); Kumar v. Gonzales, 444 F.3d 1043, 1049 (9th Cir. 2006) (applying the same standard to review of withholding of removal and Convention Against Torture claims).  All that petitioner claimed was that while he was in Pakistan he was reprimanded by his father's factory manager for interrupting employees who were at their prayers.  A reprimand for claimed bad manners is not persecution or torture.  Petitioner testified to no harms he suffered.  The record supported the BIA's conclusion that, whatever danger there might be to petitioner or his family if they tried to take their factory back from the employees who extorted it from them, there was no evidence that

2

potential harm could not be avoided by relocating within Pakistan and there was no evidence of collusion by the government in the extortion or that the authorities in Pakistan would fail to protect petitioner.

The Board of Immigration Appeals holding that Bhojani is not eligible for asylum, withholding of removal, or protection under the Convention Against Torture, is therefore supported by substantial evidence.

The petition for review is **DENIED**.